UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT SPENCER,**

    **Plaintiff,**

v.                                            Case No:

**NCB MANAGEMENT
SERVICES, INC.,**
                                          **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **ROBERT SPENCER** ("Mr. Spencer" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **NCB MANAGEMENT SERVICES, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1.    This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by communicating with third parties, including Mr. Spencer's place of employment and Mr. Spencer's wife, without Mr. Spencer's permission, thereby affecting Mr. Spencer's reputation with his employer when

Defendant knew that Mr. Spencer's employer did not have a legitimate business need for the information, which can reasonably be expected to harass Mr. Spencer.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Mr. Spencer, was and is a natural person and, at all times material hereto, is an adult, a resident of Pasco County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of PA and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

7. At all times material hereto, Defendant was and is a "debt collector" as defined by 15 U.S.C. § 1692 (a) (6).

## *Statements of Fact*

8. In or around late 2017, Mr. Spencer opened a line of credit with Republic Bank & Trust Co. ("Republic Bank") for his personal use ("Account").

9. Sometime thereafter, Mr. Spencer fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10. Republic Bank thereafter sold, assigned, or transferred the Debt to Defendant for debt collection purposes.

11. Defendant began placing calls to Mr. Spencer's place of employment in attempts to collect the alleged Debt without Mr. Spencer's permission.

12. During one of Defendant's calls to Mr. Spencer's place of employment, a representative of Defendant demanded multiple times to speak to Mr. Spencer and stated "I know he is there," when one of Mr. Spencer's coworkers tried to take a message from Defendant for Mr. Spencer.

13. Defendant also placed telephone calls to Mr. Spencer's wife in attempts to collect the alleged Debt.

14. During one of Defendant's calls to Mr. Spencer's wife, a representative of Defendant told Mr. Spencer's wife that, "[Mr. Spencer] doesn't pay his bills," and "[Mr. Spencer] bounces checks."

15. All of Defendant's calls to Mr. Spencer's place of employment were placed in an attempt to collect the Debt.

16. All of Defendant's calls to Mr. Spencer's wife were placed in an attempt to collect the Debt.

17. Mr. Spencer, his coworkers, and his wife have been harassed due to the nature of Defendant's calls.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

18. Mr. Spencer re-alleges paragraphs 1-17 and incorporates the same herein by reference.

19. Mr. Spencer is a "consumer" within the meaning of the FDCPA.

20. The subject debt is a "consumer debt" within the meaning of the FDCPA.

21. Defendant is a "debt collector" within the meaning of the FDCPA.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated 15 U.S.C. § 1692c (a)(3) by contacting Mr. Spencer's place of employment in an attempt to collect the alleged Debt with reason to know that Mr. Spencer's place of employment prohibits Mr. Spencer from receiving such communications.

   b. Defendant violated 15 U.S.C. § 1692c (b) by contacting a third party, Mr. Spencer's place of employment, in connection with collection of the alleged Debt, without Mr. Spencer's prior consent.

   c. Defendant violated 15 U.S.C. § 1692c (b) by contacting a third party, Mr. Spencer's wife, in connection with collection of the alleged Debt, without Mr. Spencer's prior consent.

23. As a result of the above violations of the FDCPA, Mr. Spencer has been subjected to illegal collection activities for which she has been damaged.

24. Defendant's actions have damaged Mr. Spencer by invading his privacy.

25. Defendant's actions have damaged Mr. Spencer by causing him embarrassment.

26. Defendant's actions have damaged Mr. Spencer by causing him stress.

27. Defendant's actions have damaged Mr. Spencer by causing him aggravation.

28. Defendant's actions have damaged Mr. Spencer by harming his reputation.

29. It has been necessary for Mr. Spencer to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

30. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a. Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

    b. Awarding actual damages;

    c. Awarding costs and attorneys' fees; and

    d. Any other and further relief as this Court deems equitable.

### Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")

31. Mr. Spencer re-alleges paragraphs 1-17 and incorporates the same herein by reference.

32. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(4) by communicating with Mr. Spencer's employer before obtaining final judgment against Mr. Spencer, without Mr. Spencer's permission in writing or Mr. Spencer's acknowledgement in writing the existence of the Debt.

   b. Defendant violated Fla. Stat. § 559.72(5) by disclosing to a person other than Mr. Spencer or his family information affecting the Mr. Spencer's reputation, when Defendant called Mr. Spencer's place of employment, with knowledge or reason to know that Mr. Spencer's place of employment does not have a legitimate business need for the information or that the information is false.

   c. Defendant violated Fla. Stat. § 559.72(7) by willfully engaging in conduct which can reasonably be expected to harass Mr. Spencer, when a representative of Defendant told Mr. Spencer's wife that, "[Mr. Spencer] doesn't pay his bills," and "[Mr. Spencer] bounces checks," and when Defendant called Mr. Spencer's place of employment.

33. As a result of the above violations of the FCCPA, Mr. Spencer has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

34. Defendant's actions have damaged Mr. Spencer by invading his privacy.

35. Defendant's actions have damaged Mr. Spencer by causing him embarrassment.

36. Defendant's actions have damaged Mr. Spencer by causing him stress.

37. Defendant's actions have damaged Mr. Spencer by causing him aggravation.

38. Defendant's actions have damaged Mr. Spencer by harming his reputation.

39. It has been necessary for Mr. Spencer to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

40. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

   e. Ordering an injunction preventing further wrongful contact by the Defendant; and

   f. Any other and further relief as this Court deems equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, **ROBERT SPENCER**, demands a trial by jury on all issues so triable.

Respectfully submitted this **May 11, 2018**,

*/s/ Michael A. Ziegler*
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff